IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:98CR126 |
| | ) | |
| v. | ) | |
| | ) | |
| MIGUEL CALDERIN-RODRIQUEZ, | ) | MEMORANDUM OPINION |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

      This matter is before the Court on a motion by defendant Miguel Calderin-Rodriquez to "dismiss the firearm," pursuant to Fed.R.Civ.P. 60(b) and (A)(5) (Filing No. 707 at 1).

      The defendant has previously filed three separate § 2255 motions in 2001 and 2002 (Filing Nos. 493 and 531). Defendant then filed a Rule 60(b) motion in 2004 (Filing No. 585) which this Court interpreted as a § 2255 motion (Filing No. 587). This Court has denied all three motions (Filing Nos. 502, 540, and 587 respectively). Defendant had an appeal to the Eighth Circuit (*United States v. Calderin-Rodriguez* (sic), 244 F.3d 977 (8th Cir. 2001). Now, defendant brings his fourth motion which the Court will deny.

      Because the defendant has filed a Rule 60(b) motion after three denied § 2255 motions, this Court must briefly review the defendant's current motion to determine if it is essentially a successive collateral attack under 28 U.S.C. § 2255. *See Boyd v. United States*, 304 F.3d 813, 814 (2002). Under this analysis,

successive motions are those which contain one or more assertions of relief from a conviction, such as a new ground for relief and attacks of the resolution of the claim on the merits. *United States v. Mull*, 2007 WL 3355561, at *1 (D. Neb. Nov. 7, 2007) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 530, 532 (2005)). The *Alleyne* argument is a new claim under § 2255 analysis.

### *ALLEYNE V. UNITED STATES*

The defendant relies upon *Alleyne* to argue that his sentence violated his constitutional rights. The Court in *Alleyne* determined that any factor which would increase either the statutory mandatory minimum or maximum sentence must be submitted to a jury. *Alleyne v. United States*, — U.S. —, 133 S.Ct. 2151, 2155 (2013) (citing *Apprendi v. New Jersey*, 530 U.S. 466, 483, n.10, 490 (2000)). In 1999, the defendant faced a mandatory minimum of 10 years (120 months) and a maximum of life in prison solely for his conviction under 21 U.S.C. § 846. This Court sentenced him to 225 months and made no determination which disturbed his minimum or maximum sentence. Defendant's new argument is without merit. Since his Rule 60(b) motion ultimately seeks to assert a habeas claim, the Court finds that it is a § 2255 motion.

### SUCCESSIVE § 2255 MOTIONS

After filing an initial § 2255 motion, applicants must move in the appropriate court of appeals for an order authorizing

the district court to consider the successive motion.  *See* 28 U.S.C. § 2244(b)(3)(A).  The defendant has not sought authorization from the Eighth Circuit.  Therefore, the Court will dismiss his claim.  A separate order will be entered in accordance with this memorandum opinion.

      DATED this 22nd day of August, 2013.

                      BY THE COURT:

                      /s/ Lyle E. Strom
                      _____
                      LYLE E. STROM, Senior Judge
                      United States District Court